UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HOLLY JARVIS,

                              **Plaintiff,**

     vs.                                              **5:26-CV-252**
                                                      **(MAD/MJK)**

NATIONAL LABOR RELATIONS BOARD,
OFFICE OF CONGRESSIONAL AND PUBLIC AFFAIRS,
RUTH BESANTIS, DESMOND METZGER, and
JOHN DOE,

                              **Defendants.**

---

APPEARANCES:                          OF COUNSEL:

**HOLLY JARVIS**
Syracuse, New York
Plaintiff, *Pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

*Pro se* Plaintiff Holly Jarvis filed a complaint in this action on February 18, 2026, against

the National Labor Relations Board ("NLRB"), the NLRB Office of Congressional and Public

Affairs, and NLRB employees Ruth Besantis, Desmond Metzger, and John Doe. *See* Dkt. No. 1.

Plaintiff alleges she was experiencing unfair treatment at work, and she filed a complaint with her

union and then the NLRB. *See id.* Plaintiff contends that despite submitting a formal complaint

to the NLRB, "[n]o investigation was opened, no charge number was issued, and no written

determination was provided." *Id.* at ¶ 26. Plaintiff brings a claim pursuant to the Administrative

Procedures Act ("APA"), 5 U.S.C. § 706, and seeks a writ of mandamus pursuant to 28 U.S.C. §

1

1361.  *See id.* at ¶¶ 30-35.  Plaintiff also moved to proceed *in forma pauperis* ("IFP").  *See* Dkt. No. 2.

On April 2, 2026, Magistrate Judge Mitchell J. Katz granted Plaintiff's IFP motion and recommended that the complaint be dismissed without leave to amend.  *See* Dkt. No. 5. Magistrate Judge Katz explained that (1) Plaintiff "seeks judicial review based on an NLRB investigation, or lack thereof[, b]ut the Court is not permitted to review an NLRB investigation"; (2) "the NLRB has neither issued any final order on Jarvis's charges, nor has Jarvis alleged a constitutional violation, so judicial review is precluded at this stage"; (3) Plaintiff "has not alleged that the NLRB failed to follow express provisions of the [National Labor Relations Act ("NLRA")]—she is only alleging that the NLRB should have prosecuted her case more expeditiously"; and (4) Plaintiff has not alleged that the individual "[D]efendants have unlawfully harmed" Plaintiff or that "they are [] proper parties to sue."  *Id.* at 7-11.

On April 28, 2026, Plaintiff filed objections to the Order & Report-Recommendation.  *See* Dkt. No. 6.  Plaintiff argues that she "does not challenge a discretionary determination.  Instead, Plaintiff challenges the complete failure of the NLRB to perform its statutory function, including the failure to meaningfully investigate, evaluate, or process her complaint."  *Id.* at 2.  Plaintiff contends her "allegations demonstrate a failure to act, not merely disagreement with an outcome." *Id.*  Plaintiff alleges a due process claim.  *See id.* at 2-3.  Plaintiff also argues that dismissal of her complaint with prejudice and without leave to amend is unwarranted because she is *pro se* and should be permitted to "refin[e] and properly present[] her claims."  *Id.* at 3.

When a party files specific objections to a magistrate judge's report-recommendation and order, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. §

2

636(b)(1). A proper objection must be timely, specific, and "not raise new arguments not previously made before the magistrate judge." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025) (citation omitted). Objections reiterating arguments already made to the magistrate judge are proper if they are timely and specific. *See id.* at 360-61. When a party declines to file objections, or "fails to properly object[,]" the district court reviews the recommendations for clear error. *Id.* at 358-59. After the appropriate review, "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff raises specific objections to Magistrate Judge Katz's recommendation that her APA claim be dismissed because the Court lacks jurisdiction to review acts of prosecutorial discretion concerning NLRB claims. *See* Dkt. No. 6. As such, the Court reviews that issue *de novo*. Plaintiff does not, however, object to Magistrate Judge Katz's recommendations concerning dismissal of the individual Defendants and Plaintiff's mandamus claim. The Court reviews those portions of the Order & Report-Recommendation for only clear error.

Plaintiff is correct that her complaint does not allege only inappropriate agency action, but "agency inaction." Dkt. No. 6 at 2. In her complaint, Plaintiff states that "[d]espite [] following every required procedural step—through her employer, Human Resources, her union, and finally the NLRB—the agency failed to investigate, failed to process her charges, and failed to respond in any meaningful way." Dkt. No. 1 at ¶ 2. "Plaintiff seeks declaratory and injunctive relief compelling the NLRB to accept, investigate, and act upon her complaints . . . ." *Id.* at ¶ 4. Plaintiff alleges that an NLRB employee "confirm[ed] that [her] complaint has not been timely processed" and returned the complaint to her. *Id.* at ¶ 25. She states, again, that "[n]o investigation was opened, no charge number was issued, and no written determination was

3

provided." *Id.* at ¶ 26.  In some paragraphs of Plaintiff's complaint, she states that her union and the NLRB did not "meaningfully" represent her or respond to her claim.  *Id.* at ¶¶ 2, 19.

Plaintiff's contention that Magistrate Judge Katz misconstrued her complaint is incorrect. Magistrate Judge Katz stated that Plaintiff "seeks judicial review based on an NLRB investigation, or lack thereof," and that "the NLRB has n[ot] issued any final order . . . ."  Dkt. No. 5 at 7-9.  Magistrate Judge Katz did not discuss only Plaintiff's statements that the NLRB's actions were inadequate, and as Magistrate Judge Katz concluded, this Court lacks jurisdiction to review Plaintiff's claims.

"The NLRB has exclusive jurisdiction over claims asserted against an employer brought under § 7 and § 8 under the NLRA."  *Robin v. Bon Secours Cmty. Hosp.*, No. 23-CV-9222, 2025 WL 623766, *6 (S.D.N.Y. Feb. 25, 2025), *appeal dismissed* (May 23, 2025) (citing *Phillips v. Russ*, No. 23-CV-8283, 2023 WL 8452424, *5 (S.D.N.Y. Dec. 5, 2023) ("[W]hen an activity is arguably subject to § 7 or § 8 of the NLRA, the States as well as the federal courts must defer to the exclusive competence of the NLRB if the danger of state interference with national policy is to be averted"); *Moore v. U.S. Postal Serv.*, No. 18-CV-9967, 2019 WL 13388322, *2 (S.D.N.Y. July 12, 2019) ("[T]he NLRB has exclusive jurisdiction over claims of unfair labor practices under section 8 of the NLRA")).

The APA "generally provides an avenue for judicial review of final agency actions 'for which there is no other adequate remedy in a court.'"  *Pilchman v. Nat'l Lab. Rels. Bd.*, No. 14-CV-7083, 2017 WL 1750300, *3 (E.D.N.Y. May 3, 2017), *aff'd*, 831 Fed. Appx. 46 (2d Cir. 2020) (quoting 5 U.S.C. § 704).  "While there is a strong presumption of reviewability under the APA, . . . section 701 explicitly excludes judicial review 'to the extent that—(1) [other] statutes

4

preclude judicial review; or (2) agency action is committed to agency discretion by law[.]'" *Id.* (quoting 5 U.S.C. § 701(a)) (internal citation omitted).

"The Supreme Court has recognized that the NLRA 'preclude[s] judicial review' under the APA of the decisions of the NLRB's General Counsel concerning whether to investigate or dismiss charges concerning violations of the NLRA." *Raghavendra v. N.L.R.B.*, No. 08-CV-8120, 2009 WL 5908013, *10 (S.D.N.Y. Aug. 27, 2009) (citing *NLRB v. United Food & Commercial Workers Union*, 484 U.S. 112, 118 n.7 (1987)); *see* 29 U.S.C. § 153(d) ("The General Counsel of the Board . . . shall have *final authority*, on behalf of the Board, in respect of the investigation of charges and issuance of complaints [concerning unfair labor practices] under section 160 of this title, and in respect of the prosecution of such complaints before the Board").

"Under the NLRA, the General Counsel's decisions prior to the commencement of a hearing, including the decision to investigate or to dismiss a complaint, are prosecutorial in nature and not reviewable by the NLRB's adjudicative body or by the courts for abuse of discretion." *Raghavendra*, 2009 WL 5908013, at *10; *see also Vaca v. Sipes*, 386 U.S. 171, 182 (1967) ("[T]he Board's General Counsel has unreviewable discretion to refuse to institute an unfair labor practice complaint"). "Courts of Appeal, including the Court of Appeals for the Second Circuit, have recognized that an exception to the general prohibition against judicial review exists when a plaintiff alleges a substantial claim that the NLRB's decision has violated the plaintiff's constitutional rights." *Id.* (citing, *inter alia*, *McLeod v. Local 476, United Bhd. of Indus. Workers*, 288 F.2d 198, 201 (2d Cir. 1961) ("[I]f a plaintiff advances a claim of a denial of constitutional rights . . . and the claim is 'not transparently frivolous' the District Court should hear the case")).

Plaintiff's argument that this Court has jurisdiction to review the NLRB's decision not to investigate her complaint is meritless. She has not presented any legal authority that contradicts

the principles set forth by Magistrate Judge Katz and this Court which establishes that this Court cannot review the NLRB's discretionary decision on whether to file a complaint against a plaintiff's employer. *See Da Costa v. U.S. Gov't*, No. 10-CV- 169, 2011 WL 846701, *6 (S.D.N.Y. Feb. 22, 2011) ("[A]ny [NLRB] adjudication resolving an unfair labor practice complaint, whether by final order, consent decree, or settlement may be reviewed by a court, but not General Counsel's decision as to whether to issue a complaint. . . . General Counsel's decision to dismiss [the plaintiff's] charges and not issue a complaint was, however, a prosecutorial—not an adjudicatory—act. Accordingly, General Counsel's decision to dismiss his charges is not subject to judicial review by this Court") (citation and quotation marks omitted); *Becker v. N.L.R.B.*, 678 F. Supp. 406, 408 (E.D.N.Y. 1987) ("In a long and unbroken series of decisions by the Supreme Court and the Courts of Appeal, this provision, and the general scheme of the Act, have been interpreted to preclude judicial review of the General Counsel's processing of charges and refusal to issue complaints") (collecting cases).

Insofar as Plaintiff attempts to allege a due process claim in her objections, she did not assert such a claim in her complaint. *See* Dkt. No. 6 at 2-3. "Rule 72(b)(2) of the Federal Rules of Civil Procedure permits a party to file specific written objections to the proposed findings and recommendations of the Magistrate Judge, but 'Rule 72(b) does not provide that new claims may be raised in objections to a report and recommendation.'" *Russell v. Colvin*, No. 5:13-CV-1030, 2015 WL 570828, *3 (N.D.N.Y. Feb. 11, 2015) (quoting *Pierce v. Mance*, No. 08-CV-4736, 2009 WL 1754904, *1 (S.D.N.Y. June 22, 2009)). "'If the Court were to consider formally these untimely contentions, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments.'" *Id.* (quoting *Abu-Nassar v. Elders Futures*, Inc., No. 88-CV-7906, 1994 WL 445638, *4, n. 2

(S.D.N.Y. Aug. 17, 1994)).  However, "in deference to Plaintiff's *pro se* status," the Court will consider whether Plaintiff can state a due process claim.  *Wilkins v. Soares*, No. 8:20-CV-116, 2020 WL 3286507, *4 (N.D.N.Y. June 18, 2020) (citing *Rogers v. CPS*, No. 20-CV-75, 2020 WL 2059824, *3 (N.D.N.Y. Apr. 29, 2020)).

Courts have held that a plaintiff cannot "invoke [a] court's jurisdiction by casting his action in terms of alleged due process violations" because "the General Counsel's refusal to issue a complaint based upon alleged unfair labor practices does not constitute a violation of a constitutional right and, therefore, the district court is without subject matter jurisdiction to review his decision.'"  *Bonilla v. Nat'l Lab. Rels. Bd. Off. of Gen. Couns.*, No. 92-CV-4034, 1993 WL 148888, at *1 (S.D.N.Y. Apr. 30, 1993) (quoting *Rockford Redi-Mix, Co. v. Zipp*, 482 F. Supp. 489, 493 (N.D.Ill. 1979), *aff'd*, 632 F.2d 30, (7th Cir. 1980), *cert. denied, Countryman v. Zipp*, 450 U.S. 929 (1981)); *see also Mobilab Union, Inc. v. Johansen*, 600 F. Supp. 826, 829 (D.N.J. 1985) ("Courts that have considered this issue have stated, contrary to the position taken by the Board here, that the NLRA vindicates private rights (of the charging party), as well as public interests. . . .  But, these courts have declined to go so far as to hold that charging parties have a constitutional right to have a complaint issue") (citations omitted); *Shimose v. Int'l Longshore & Warehouse Union, Loc. 142*, No. 21-CV-00489, 2022 WL 21778301, *6 (D. Haw. Oct. 5, 2022) ("The General Counsel's mere refusal to issue a complaint on [the p]laintiff's charge was not a constitutional violation").

Plaintiff is correct that the APA generally permits the Court to review claims that an administrative agency failed to perform "required duties."  Dkt. No. 6 at 2.  However, as Magistrate Judge Katz explained, Plaintiff has not presented any legal authority which requires the NLRB to investigate her complaint.  *See* Dkt. No. 5 at 10.

As to the mandamus claim, the Court finds no clear error in Magistrate Judge Katz's conclusion that Plaintiff has failed to state a claim. *See* Dkt. No. 5 at 16-17. Magistrate Judge Katz is correct that "mandamus is an extraordinary remedy, intended to aid only those parties to whom an official or agency owes 'a clear nondiscretionary duty.'" *Escaler v. U.S. Citizenship & Immigr. Servs.*, 582 F.3d 288, 292 (2d Cir. 2009) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)); *see* Dkt. No. 5 at 16-17. "A party who seeks a writ of mandamus must show a 'clear and indisputable right' to its issuance." *Escaler*, 582 F.3d at 292 (quoting *Miller v. French*, 530 U.S. 327, 339 (2000)) (additional quotation marks omitted).

Magistrate Judge Katz noted that "[a]ny person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals . . . by filing in such a court a written petition praying that the order of the Board be modified or set aside" 29 U.S.C. § 160(f); *see* Dkt. No. 5 at 16. Plaintiff alleges in her complaint that her claim to the NLRB was "received" but also "returned . . . confirming that the complaint had not been timely processed." Dkt. No. 1 at ¶¶ 22-25. It is therefore unclear whether the NLRB received the complaint, but Plaintiff alleges that the NLRB Office of Congressional and Public affairs responded to her when she tried "to escalate the matter." *Id.* at ¶ 27. Plaintiff did not provide the Court with a copy of that response and her conclusory assertion that the response was "a generic form email" does not establish a due process claim. *See Shimos*e, 2022 WL 21778301, at *6 ("Plaintiff was not entitled to a more fulsome explanation of the NLRB's decision"). Plaintiff has not established a clear and indisputable right to the relief she seeks such that her mandamus claim fails.

The Court also finds no clear error in Magistrate Judge Katz's analysis and conclusion concerning Plaintiff's failure to sufficiently allege any claim against the individual Defendants.

8

*See* Dkt. No. 5 at 11-15.  "Indeed, 'the pleading standard [Federal] Rule [of Civil Procedure] 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Ong v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr.*, 51 F. Supp. 3d 319, 351 (S.D.N.Y. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Beyond stating that her complaint was purportedly received by Defendants Besantis and Metzger, Plaintiff does not include any allegations concerning them in her complaint.  *See* Dkt. No. 1 at ¶¶ 22-23.  That is insufficient to state a legal claim against them.  *See also Walker v. Arbesfeld*, No. 2:23-CV-75, 2025 WL 2972028, *1-2 (E.D. Tex. Oct. 21, 2025) (dismissing claims against "five different officials who are all allegedly federal employees working for the NLRB" with prejudice because "Plaintiff fails to plausibly allege that any of the Defendants at the NLRB caused any of his alleged injuries or bear any legally cognizable nexus to those injuries").

Finally, in her objections, Plaintiff argues that dismissal with prejudice and without leave to amend is inappropriate because of her *pro se* status.  *See* Dkt. No. 6 at 3.  Magistrate Judge Katz recommended dismissal of Plaintiff's complaint with prejudice and without leave to amend "because APA review is unavailable; the District Court lacks jurisdiction; and Jarvis is not entitled to mandamus[.]"  Dkt. No. 5 at 19.  The Court agrees with each of those assertions; however, "'[a] dismissal for lack of jurisdiction *must* be *without* prejudice rather than with prejudice.'"  *In re Seganti*, 153 F.4th 272, 279 (2d Cir. 2025) (quoting *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 126 (2d Cir. 2022)) (emphasis added).  In *N.L.R.B. v. United Food & Com. Workers Union, Loc. 23, AFL-CIO*, 484 U.S. 112, 133 (1987), the Supreme Court "conclude[d] that the Court of Appeals had no jurisdiction to entertain this action under either the NLRA or the APA" and "remand[ed the case] with instructions to dismiss the cause for want of subject-matter jurisdiction."  Because this is not a case where Plaintiff is asking the Court to review "a Board

9

order," *United Nat. Foods, Inc. v. Nat'l Lab. Rels. Bd.*, 138 F.4th 937, 944 (5th Cir. 2025), and

Plaintiff has not presented any legal authority which permits this Court to review the NLRB's

decision not to file a complaint, the Court agrees with Magistrate Judge Katz that it lacks

jurisdiction to consider Plaintiff's claims.  However, the Court will dismiss Plaintiff's complaint

without prejudice.  *See Citizens United to Protect Our Neighborhoods v. Vill. of Chestnut Ridge,*

*New York*, 98 F.4th 386, 391 (2d Cir. 2024) ("A district court properly dismisses an action for

lack of subject-matter jurisdiction under Rule 12(b)(1) 'if the court lacks the statutory or

constitutional power to adjudicate it . . . .'") (quoting *Conn. Parents Union v. Russell-Tucker*, 8

F.4th 167, 172 (2d Cir. 2021)).

   As to leave to amend, the Court agrees with Magistrate Judge Katz that no leave to amend

is required.  Plaintiff has not asserted any claims for which this Court has jurisdiction to review.

Therefore, amendment would be futile.  *See Rukoro v. Fed. Republic of Germany*, 976 F.3d 218,

228 (2d Cir. 2020) (affirming denial of leave to amend because "we agree with the district court

that the real problem is that even taking the allegations in the proposed second amended

complaint as true, Plaintiffs still fail to adequately allege jurisdiction").

   After carefully considering the Order & Report-Recommendation, the entire record in this

matter, and the applicable law, the Court hereby

   **ORDERS** that Magistrate Judge Katz's Order & Report-Recommendation (Dkt. No. 5) is

**ADOPTED as modified** for the reasons set forth herein; and the Court further

   **ORDERS** that Plaintiff's complaint is **DISMISSED without prejudice and without**

**leave amend**; and the Court further

   **ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close

the case; and the Court further

10

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:   May 28, 2026
           Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge